## WHITNEY v. GAIR.

### (Circuit Court, E. D. New York. December 9, 1898.)

PATENTS—INVENTION—FOLDING PAPER BOX.

The Elliott patent, No. 350,727, for a folding paper box, the essential feature of which is the strutting or bracing action of the side pieces in holding the parts in position, shows patentable invention, and was not anticipated.

This was a suit in equity by Fred. A. Whitney against Robert Gair for the infringement of a patent.

Louis W. Southgate and Philip W. Southgate, for complainant.
Dickerson & Brown, for defendant.

THOMAS, District Judge. The complainant, Whitney, since February, 1888, has been, and is now, the owner of letters patent of the United States, numbered 350,727, issued to Charles W. Elliott, on the 12th day of October, 1886, for a folding paper box. Since the acquisition of such rights, the complainant has been engaged in the manufacture and sale of folding paper boxes pursuant to such patent, and, from small beginnings, has built up a business of great extent and value, and the precise box made and sold by him is, for the purpose for which it is intended, the most acceptable and the most widely accepted. So thoroughly useful, desirable, and valuable is the box fashioned by the complainant pursuant to his patent that the defendant, Gair, the largest manufacturer of paper boxes in the United States, has appropriated the precise pattern of box, and ingrafted it upon, and, to a large extent, made its manufacture a part of, his own business; while other manufacturers, either from recognition of the complainant's rights, or for other reasons, have not infringed or ceased to infringe thereon. Therefore the complainant owns letters patent, and makes paper boxes pursuant thereto, and the defendant has nicely imitated the complainant's product, and deliberately seeks to avail himself of its advantages. The defendant justifies this absolute imitation of the complainant's box upon the ground that the same was not patentable, as the essential functions of the parts composing the

box had been anticipated by prior patents. The letters patent under which complainant claims show certain illustrative figures and specifications. The following figures are important for this discussion:

No. 350,727.

The specifications state:

"Figure 1 is a blank from which my box is made. Figure 2 is an edge view of a folded strip to form a band for my box. Figure 3 is a plan of my box, with its cover off, and an egg-holder inside of it. Figure 4 is a modification. My invention consists in a folding box provided with a band to keep parts of the box in proper relation to each other when the box is made ready for use. In Figure 1 I have shown a blank of strawboard or the like material from which the box, A, and also the cover are made. In this blank the part a, which forms the bottom of the box, has the usual flaps, $a^1$, $a^2$, $a^3$, $a^4$, adapted to form the sides of the box, A, as shown in Figure 3. The blank is also in the case shown provided with a flap, $a^5$ (having lip, $a^6$), which forms the cover of the box, A. The ends of the strip, B (shown in Figure 2), are secured to the side, $a^4$, as in Figure 3; and, when flaps $a^1$, $a^2$, $a^3$, and $a^4$ are set up, band B is passed around them, as clearly shown in Figure 3. In Figure 4 I have shown a modification of the blank from which box, A, is formed, the difference being that the flap $a^4$ in the modification is provided with end flaps, $a^7$, to which the ends of the band, B, are attached. Boxes thus made can be folded compactly, and easily made ready for use. They are especially de-

sirable as egg-carriers when provided with the well-known folding egg-holder, D (shown in Figure 3). What I claim is the folding box, A, in combination with bands, B, substantially as and for the purpose set forth."

The box thus described shows certain valuable features: (1) A folding box made from a single blank, save the band, B, which, for the economical use of material, is cut separately, and attached to the flap $a^4$; (2) the parts thus secured are quickly and conveniently folded into a box, with a cover shutting into and held in place by its lip, $a^6$, passing between flap $a^3$ and the folding band, B; (3) the side flaps $a^1$, $a^2$, press on the front flap, $a^3$, whereby flap $a^3$ is crowded against the band, B. Thus, the side and front flaps are kept in place, and necessarily support the bottom of the box, whether it is empty or filled. This strutting or bracing action of the side flaps reaches its full useful function because all the sides of the box are sufficiently high to furnish all necessary support by simple pressure on the band, without the use of other device; and this function obtained by the combination of these parts is claimed to be new.

The alleged anticipations may be considered. Letters No. 265,419, issued to John Howenstine in 1882, are said to anticipate it. The box as described in the letters consists of three parts: (1) A blank composing the bottom and two side flaps of the box, generally corresponding to a, $a^3$, and $a^4$ of complainant's box, and two narrow flaps, corresponding in position with $a^1$ and $a^2$ in complainant's box. Around these flaps is placed a separate band, at whose end are hooks or tongue lugs, which pass through and interlock in a circular opening in one side of the box, corresponding to $a^3$ in complainant's box, while at about the middle of such band is a tongue which passes through a circular opening in the opposite side. Thus, it will be seen that this band, hooking into the two sides of the box with its own ends interlocking, makes up two sides of the box, and holds the remaining two sides in place. The strutting action of the narrow side flaps, corresponding in position with complainant's box flaps $a^1$, $a^2$, is very slight, and, in fact and in contemplation of the patentee, is not useful in holding the box in place. It is true that this arises from the fact that these flaps are too narrow to push with any useful force against the other sides. They may have a strutting action proportioned to their width; but the width is such that the strutting action is practically uninfluential, so much so that it is easily concluded that the patentee did not observe the function, nor advise of its existence, and hence provided the separate band, with its duplication of awkard and puzzling hooks and tongues, to hold the box in place.

The further prior patent that deserves attention is that of Fiske, to whom letters No. 265,590 were issued in 1882. This open box is made from a single piece of paper. It consists of a rectangular bottom, with three flaps corresponding in position somewhat with the flaps $a^1$, $a^2$, $a^3$, of complainant's box, but not rectangular. A band connected with a part of the bottom piece is carried around the three irregular sides; and a tongue at one end of this band passes through a slit in its other end; and a tongue in the irregular side, corresponding to $a^3$ in complainant's box, passes through a slit in the tongue end of the band, and secures together the band, and holds it to the side.

Thus, the box, flaring in shape, was held together. Thus far it is obvious that the box was held in place by the tongue on one end of the box passing through the slit in its other end, and by locking the tongue to the side of the box by the tongue of such side passing through a slit in the tongue of the band. The sides corresponding to $a^1$, $a^2$, $a^3$, in complainant's box were not intended to have a strutting action, and the flaring shape of these sides prevented such action, unless the band were pulled so tight as to distort these sides, and thus bring them together, which was not intended; nor is there any evidence that such function was ascribed to them or expected of them. However, the specification states:

"By making the scores between the parts e, f, g, h, i [by which are described the parts into which the band is divided by oblique creases], at right angles to the edges of those parts, and making the strip of material from which those parts are formed straight, and by making the part d [part corresponding to side $a^3$ in complainant's box] rectangular in form, the box will be rectangular in form when put together."

This would, indeed, make the box rectangular, but the support would be still the band locked at its ends into the rectangular side. But observe that the specification does not provide that the side corresponding to $a^1$, $a^2$, in complainant's box, should be rectangular; and hence there would be no strutting action by their pushing up against the band, directly or indirectly, although, possibly, the rectangular side, corresponding to $a^3$, might push the two sides against the band. This was not intended as the means of support, and very remotely, if at all, foreshadows the action of the side flaps in the complainant's box. In both the Howenstine and Fiske patents, and probably in others, where a band is used to hold a box together, some part is brought directly or indirectly against and presses upon another part, and creates the friction that holds in usable form the assembled parts. The complainant has not received a patent for the employment of friction to hold together a box, but he has fashioned a box in such combination that the strutting force is adjusted with a nicety and effect that boxes in other form of parts have not produced. If devices for applying such force are patentable at all, the complainant's arrangement seems to be novel, and shows invention. The box is so simple as to beget a doubt of its evincing inventive skill; but it is evident that this very simplicity is of large economic value, and that much thought and contrivance have been used to attain the results which it embodies. The complainant has produced what has escaped the skill of others. The complainant's assignors may not have been conscious of the principle which he employs so happily in the adjustment of his box. He may have contrived his box after practical trials, and have attained the useful end without fully appreciating the function which his parts perform. In any case, his combination is new, and effects a new result. The other patents to which the attention of the court is called by the learned counsel for the defendant seem to be quite remote, and need not be considered, if the court is correct in its disposition of the Howenstine and Fiske patents.

The complainant should have a decree, with costs.