### NATIONAL FOLDING-BOX & PAPER CO. v. GAIR.

(Circuit Court, E. D. New York. December 6, 1899.)

Supplemental opinion. For original opinion, see 97 Fed. 813.

Walter D. Edmonds, for complainant.

Edwin H. Brown, for defendant.

THOMAS, District Judge. Upon the argument of the above case on the merits the attention of the court was directed sparingly, if at all, to the boxes manufactured by the defendant, which are now claimed to be involved in the accounting. Defendant's box, with interlocking turned-in portions, with the usual end piece appertaining to the box, which is covered by complainant's patent, seems to fall within claim 1. The reason for this is explicitly set forth in letters

patent No. 519,451, issued to the defendant subsequently to the patent in suit. In such letters the inventor, after describing his box, states that:

"When the box is set up the two parts, GG' [the turned-in portions], at each end of the box are hooked together, and the tongues on the overlapping flaps are thrust into the crescent-shaped slots, and the ends of the box thereby double locked together, substantially as specified."

It is quite obvious from this (the defendant's) language that he uses the complainant's device as an additional lock for his box, and the violation of the complainant's rights thus arising is not diminished by the fact that the defendant also interlocks the turned-in portions.

More doubt arises respecting the class of boxes where the end piece has a single tongue entering a single aperture existing alone in one of the turned-in portions. Wilson unquestionably provided that the end piece might have a single tongue, but did he limit the engagement of that tongue to an aperture or opening existing in both turned-in portions? In other words, did the patentee voluntarily confine himself to a box whose turned-in portions each contained an aperture, or some part of an aperture? The language certainly sustains such contention. The patentee has also placed his own construction upon the claim by the language used by him in the subsequent specification filed by him. This specification pertains to letters patent No. 292,606. After reciting the embarrassments arising from the use of two tongues in small boxes, the specification states:

"The object of my present invention or improvement is, in addition to the objects set forth in my letters patent above referred to, the production of a box of the kind referred to, which can be expeditiously put together or formed, and without liability of wrinkling, spoiling, or soiling the paper stock of which it is composed; and, to these main ends and objects, my invention consists in cutting or forming the turned-in end portion of the box or lid so that when brought to their proper upright positions a part of one shall overlap a part of the other, and so that there shall be formed by the two at some locality between their top and bottom edges a single space or opening, adapted to receive the folded-over-and-down tongue, all as will be hereinafter more fully explained."

There is no reason for seeking a construction of the claim which is apparently denied to it by the patentee in subsequent applications. The complainant's contention that claim 1 covers, without limitation, any "loose-lever clutch," so that Wilson's subsequent application is only for an improvement, is not adopted. The necessity for the later letters is not understood, if the inventor had under his first letters the right to use the single tongue for which the second letters provided. It is obviously fair to take a patentee at his word, and the application of this rule brings into the accounting the class of boxes similar to that known as "Defendant's Box," and excludes from the accounting boxes similar to defendant's Exhibit 3, where a single tongue of the end piece engages alone an aperture in one of the turned-in portions.