NATIONAL FOLDING-BOX & PAPER CO. v. BROWN & BAILEY CO. et al.

(Circuit Court, E. D. Pennsylvania. February 18, 1901.)

No. 22.

PATENTS—INFRINGEMENT—FOLDING PAPER BOXES.

The Wilson patent, No. 286,360, for paper boxes and lid of boxes, *held* valid and infringed.

In Equity. Suit for infringement of patent. On final hearing. See 98 Fed. 436.

Walter D. Edmonds, for complainant.
Francis T. Chambers, for respondents.

DALLAS, Circuit Judge. The bill of complaint in this case charges infringement of the first claim of letters patent No. 286,360, dated October 9, 1883, issued to Arthur G. Wilson for "paper boxes and lid of boxes," which is as follows:

"(1) A box or a lid of a box having turned-in portions provided with apertures or openings, and an end piece provided with a tongue or tongues folded over the upper edges of the turned-in portions, and down into the apertures or openings therein, substantially as and for the purposes set forth."

This claim was considered by the circuit court for the Eastern district of New York in Box Co. v. Gair (C. C.) 97 Fed. 813, and Id., 105 Fed. 191; and by the circuit court for the district of Connecticut in Box Co. v. Robertson, 99 Fed. 985. In both instances its validity was assailed, but was upheld, and I find nothing upon this record, or in the able argument submitted on behalf of the present defendant, which, in my opinion, should induce this court to nullify it. The only attacks which have been made upon it have been successfully repelled, and it has stood scathless throughout the full term of the grant. Some of the prior structures were not without merit, and Wilson's construction appears to have been, in a general way, quite nearly approached, but it seems to me to be perfectly clear that his peculiar method of setting up a "knock-down" or folding paper box was new and original with him.

Upon the question of infringement, the testimony of the experts is in direct conflict. Their opinions have been elaborately presented,

and upon each side have been strenuously maintained by counsel; but after carefully considering them, in connection with the exhibits in the case (which, indeed, speak for themselves), the point involved appears to be a very narrow and plain one. The gist of Wilson's invention, as covered by the claim in suit, resides in his provision for apertures or openings in the turned-in portions of the box, in which the tongue or tongues of the endpiece, after it has been folded over the upper edges of the turned in portions, may be inserted, and thus what has been termed a "loose lever clutch" be constituted, which has the effect of holding the parts together without the use of any interlocking device or contrivance. The defendants' construction includes all the elements of this claim. The only difference between it and Fig. 5 of the patent consists in the tongues of the former being slightly curved, and the slots for their reception being cut at a corresponding angle. This variation, if merely formal, would, of course, not avoid infringement (vide cases supra); but it is contended that, by reason thereof, the integrity of the box is maintained by so interengaging the overlying flaps as to "strongly interlock" the engaged parts together, and that thus the lever clutch of the patent is wholly dispensed with. I, however, cannot sustain this contention. To me it seems to be evident that, by reason of the fact that the inturned projections in the defendants' boxes are of the same height as the sides and of the crease of the overlapping endpiece, the advantage of the plaintiff's method is fully attained. It is possible, though by no means certain, that the defendant also produces an interlocking; but, be this as it may, it is at least plain that the desired result is chiefly secured through the means covered by the patent in suit. I do not believe that, by the defendants' so-called "interlocking" alone, a practical box could be made. It would be quite easy to make one having that feature, without including the other, and this it is at liberty to do; but it is no answer to a charge of infringement that the infringer has made an addition, whether advantageous or not, to the patented invention.

I have reached the conclusion that the complainant is entitled to an accounting, but, as the patent has expired, an injunction cannot be awarded. The learned counsel for the defendants has, in his brief, suggested that the decree should, under the circumstances, be directed against the corporation defendant only, and that the bill should be dismissed as to the remaining defendants. As at present advised, I am of opinion that this point is well taken, but, if counsel for the complainant should so desire, he will be heard upon the question when a draft of decree shall be presented for settlement.