NATIONAL FOLDING BOX & PAPER CO. v. ROBERTSON et al.

(Circuit Court, D. Connecticut. January 11, 1902.)

No. 1,019.

PATENTS—ANTICIPATION—PAPER BOXES.

The Wilson patent, No. 286,360, for paper boxes and lid of boxes, was not anticipated, and is valid.

In Equity. Suit for infringement of patent. On final hearing.

Walter D. Edmonds, for complainant.

Wm. Edgar Simonds and Charles W. Comstock, for defendants.

TOWNSEND, District Judge. Suit for infringement of the first claim of patent No. 286,360, granted to Arthur G. Wilson, October 9, 1883, for improvements in paper boxes. The patent has expired, and only an accounting is asked for. Infringement is proved. Anticipation is alleged. Said claim is as follows:

"(1) A box or a lid of a box having turned-in portions provided with apertures or openings, and an end piece provided with a tongue or tongues folded over the upper edges of the turned-in portions and down into the apertures or openings therein, substantially as and for the purposes set forth."

The claim has been sustained at final hearing by Judge Thomas, in the Eastern district of New York (97 Fed. 813 and 105 Fed. 191), and by Judge Dallas, in the Eastern district of Pennsylvania (106 Fed. 189), and, on motion for preliminary injunction, in this district (99 Fed. 985); and its validity has otherwise been generally acquiesced in. The patent relates to knock-down folding boxes, adapted to be shipped flat to the purchaser, and set up by him in box shape. Prior constructors had begun by using paste or glue, and later had substituted hooks. All of these constructions were open to serious objections. The trade required an inside-locking paper box capable of resisting interior strain and permitting of exterior decoration. Crosby, Arthur, and Linnett devised boxes

designed to meet this want, but unsatisfactory because they required either that the tongues should interlock at certain impracticably exact places in the box, or where they were subjected to unyielding strain. Wilson solved the problem presented, and devised the "loose-lever clutch," as described in the opinions already referred to. That it was the first and only successful inside-locking folding box cannot be denied. More than a quarter of complainant's whole business in folding boxes is carried on under this patent. Defendants, in support of anticipation, rely upon the prior patents already named,—especially that granted to Arthur. But Arthur fails to show how to operatively hold down the in-turned sides without first interlocking his notches. The very effect of tucking in the end piece is to put it where the strain of the in-turned hooked side pieces forces it up by engaging the end or bottom of the end piece, if the hooks are disengaged. In the patent in suit, on the other hand, there can be no pressure on the bottom or end of the end piece, but only on the inside of the fold which is at the base or turn of the lever. The experiments with the models introduced upon the hearing so forcibly demonstrated the correctness of the conclusions reached by the other judges who have sustained this claim that it need not be further discussed. No evidence was introduced by defendants which modified the views expressed concerning the Linnett patent in the decision of the motion for a preliminary injunction in this case. Although Linnett fails to show the Wilson tucks on the lever clutch, defendants contend that he introduced a new principle of action because he says, "The ends being attached together to secure them as by pasting or otherwise securing the parts." Defendants contend that this otherwise securing of the prior art included tucking. But the prior art did not disclose any tucking in such co-relation as to assist in supporting the box without exposure to transverse strain. And although this Linnett paper patent was granted in 1882, it never suggested to its owners any practical way of "otherwise securing" the ends.

Let a decree be entered for an accounting, with costs.