THOMPSON & NORRIS CO. v. MOXIE NERVE FOOD CO.

(Circuit Court, D. Massachusetts. August 8, 1911.)

No. 632.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—KNOCKDOWN PAPER BOX.
    The Lewis patent, No. 674,009, for a knockdown paper box, was not anticipated as to claims 1 and 3, which specify "stiff, cellular paper fabric" as the material, nor as to claims 2 and 4, which specify only "stiff paper," and discloses patentable invention; the box shown being superior to any in the prior art. Also held infringed.

In Equity. Suit by the Thompson & Norris Company against the Moxie Nerve Food Company. On final hearing. Decree for complainant.

Louis W. Southgate, for complainant.
Mitchell, Chadwick & Kent, for defendant.

BROWN, District Judge. The bill charges infringement of letters patent No. 674,009, May 14, 1901, to C. W. Lewis, for a knockdown paper box. The claims are as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"1. A knockdown box made from stiff, cellular paper fabric, in three separable or distinct parts folded and telescoped together, each of the six sides of said box consisting of two nonadherent plies or thicknesses of said cellular fabric, and said plies having their corrugations crossing at right angles.

"2. A box made from stiff paper in three separable, distinct parts, the outer part being in the form of a rectangular, open-ended tube, the intermediate part composed of sides or sections hinged together, the ends of said part being free or disconnected, and the inner part, telescoped within and crossing the intermediate part, said inner part being composed of sides or sections hinged together and having its ends free or disconnected, said intermediate and inner parts having cover and tucking flaps.

"3. A square, knockdown box made from stiff, cellular paper fabric in three separable parts or pieces, namely, the tubular outer casing $A$, the folded intermediate part $B$, having a tuck or tucking-flap at one end, and the folded inner part $C$, telescoped within and crossing the part $B$, said part $C$ having two inner cover-flaps $c^1$, substantially as set forth.

"4. A knockdown box made from stiff paper in three separable or distinct parts, the outer part being in the form of a rectangular tube, hinged at its corners so that it may be flattened for packing, the intermediate part, composed of sides or sections hinged together so that the part may be flattened for packing, and the inner part, telescoped within and crossing the intermediate part, said inner part being composed of sides or sections hinged together so that the part may be flattened for packing, said intermediate and inner part having a cover and tucking flaps, substantially as set forth."

Infringement is not disputed, and the only question is as to the validity of the patent.

In claims 1 and 3 "stiff cellular paper fabric" is specified as the material. In claims 2 and 4 "stiff paper."

Though the prior art is represented by many patents on knockdown boxes, it is conceded that no one of these patents shows the identical box of the patent in suit. The Lewis box, whether made of stiff paper or of "stiff cellular paper fabric," is of novel construction. This box is made in three sections, and of three strips of material. The ends of one strip are connected by a pasted hinging-strip, forming a rectangular tube which can be flattened for shipping. This outer section $A$ forms four sides of the box. Into this is telescoped an intermediate section $B$. The third strip forms an inner section $C$, and is telescoped inside of $A$ and $B$ at right angles to $B$. The result is a box each side of which is formed of two nonadherent plies of material. It is easily assembled without the use of fastening means, and is simple, strong, and durable, and economical in its use of material.

This new form of box, however, is specially valuable when the parts are composed of "stiff cellular paper fabric." When each section is made of cellular paper with its corrugations running lengthwise, the assemblage of the three sections results in the disposition of the corrugations at right angles. There is thus formed a box with two plies of material on each of the six sides, the corrugations being crossed on each side. The corrugations being crossed the box has the strength which results not alone from the use of two plies of material, or from the use of cellular paper, but from the particular disposition of the corrugations in relation to each other and their co-operation in resisting strain from blows upon any part of the box.

While corrugated paper is old, and its use is shown with its corrugations crossed, and while former patents point out that strength re-

sults from such construction, (see patents to Thompson, 479,999; to Chapin, 484,627; to Warner, 659,943), the application to use shown in the box of the patent in suit is manifestly superior to that shown in any of the structures of the prior art.

The testimony of the patentee as to his experiments supports the argument for invention. The various patents cited as illustrating the prior art—Friend, 305,067; Bowman, 448,813; Beer, 114,752; Bauer, 392,421; Howett, 453,169; Craw, 371,925; Hayes, 2,894; Colby & Ward, 106,663; Andrews, 137,752; Pike, 414,077; Swan & Finch, 142,299—relate to the prior art of knockdown boxes or like structures made of material other than corrugated board.

The foregoing eleven patents are said to represent the prior art so far as it relates to the general form of the parts and to matters other than the use of the particular material.

I am of the opinion that none of these anticipates the structure claimed in claims 2 and 4 of the patent in suit, which are not limited to the use of corrugated paper, and which do not contain the feature of gaining strength through crossing of the corrugations at right angles.

The following patents are cited to show the use of cellular board: British patent to Lake, 1,037; Cole, 355,140; Thompson, 479,999; Chapin, 484,627; Higham, 641,207; Warner, 659,943; Ruehs, 536,-761. The patent to Chapin, 671,012, is later than the patent in suit.

Defendant's expert admitted that he did not find in the prior art the structure of claims 2 and 4 in any single prior patent, and also admitted that he did not find in any single prior patent a knockdown box in which each of the six sides consists of two nonadherent plies having corrugations crossed at right angles.

The complainant argues that the various examples of prior constructions show that after many years of effort nothing had been evolved approaching the Lewis box in strength, simplicity and economy. The following decisions concerning paper box patents are cited by complainant: National Folding Box & Paper Co. v. Elsas, 86 Fed. 917, 30 C. C. A. 487; Whitney v. Gair (C. C.) 91 Fed. 905; National Folding Box & Paper Co. v. Robertson (C. C.) 112 Fed. 1013.

While the prior art is very full of approximating devices, at the oral hearing, with the exhibits and drawings before me and explained by counsel on both sides, I was impressed with the superiority of the Lewis box over any of the structures of the prior art. The large number of examples of approximating devices illustrating the attempts of various inventors to produce a practical article, instead of showing anticipation, strongly tends to show that the patentee's structure resulted from invention as distinguished from mere mechanical skill. When the parts of the box are made of cellular corrugated fabric, the mode of their assemblage with their corrugations crossing at all points on all six sides of the box, presents what may be termed an example of sound engineering skill in construction. While the idea of cross-corrugations is old, it is not applied in any of the structures of the prior art throughout all parts of the structure, and so as to give the box not only the strength which results from a double thickness of

material on each of the six sides but the strength which results from the co-operation of the corrugations of one thickness with the corrugations of the other thickness on each side, whereby the box as a whole resists strains from a blow on any part thereof. When the material is ordinary stiff paper without corrugations this special feature disappears; but nevertheless the box then exhibits a structure, not anticipated by any of the patents of the prior art, wherein strength is given by the reinforcement of each of the six sides with economy of material.

Emphasis has been laid upon the proceedings in the Patent Office, but I find no concession made by the patentee which in my opinion invalidates the claims.

The defendant further relies upon the exhibits—X, an illustrated catalogue issued by the Hinde & Dauch Paper Company, January, 1902; Y, a second catalogue in 1903; and Z, a three-piece paper box —in connection with the testimony of J. L. Skelley to the effect that he went to work for Hinde & Dauch Co. in March, 1900. and that the telescopic or sliding box illustrated on page 11 of catalogue X of January, 1902, was an illustration of the form of box manufactured by Hinde & Dauch in 1900. I am of the opinion, however, that this testimony is insufficient to establish priority, in view of the testimony of Mr. Lewis, with its corroboration by the records of the complainant, showing that the invention was made as early as December 27, 1899.

The defendant has further shown that many of the boxes sold by the complainant were not marked as required by the statute, and that there is no allegation or evidence of any actual notice to the defendant. This defense goes only to the question of damages, and does not affect the right of the complainant to a decree enjoining infringement.

Under Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426, it would seem that there is force in the defendant's objection that this is not a bill for damages. The complainant contends that upon the testimony it appears that the defendant continued infringement after the filing of the bill, which in itself was notice. The question whether this would justify a decree for an accounting for the period subsequent to the filing of the bill, when no such issue has been raised by bill and answer, may be reserved for consideration on the presentation of a draft decree.

I am of the opinion that the patent is valid and infringed as to each of its claims in suit.

The complainant may have a decree for an injunction against infringement. The question of his right to a decree for damages for infringement subsequent to the filing of the bill is reserved.