STAFFORD NAT. BANK *v.* SPRAGUE and others.

*(Circuit Court, D. Connecticut.* August 17, 1881.)

1. EQUITY PLEADING—FEDERAL COURTS.

In the federal courts legal causes of action cannot be joined with equitable in the same bill.

2. SAME—MULTIFARIOUSNESS.

A bill is not demurrable on the ground of multifariousness when the joinder therein of two distinct matters prevents a needless multiplicity of suits, and neither inconveniences the defendants nor causes them additional expense.

*Ratcliffe Hicks* and *Jeremiah Halsey*, for plaintiff.

*Charles E. Perkins*, for defendants.

SHIPMAN, D. J. This is a demurrer to the plaintiff's bill upon the ground of multifariousness. The plaintiff originally brought its petition in equity to the state court, alleging, in substance, as follows: That it was a judgment creditor of Amasa Sprague and William Sprague, and that to secure its unsatisfied judgment it had duly, on June 10, 1880, filed its judgment lien upon a large amount of real estate in this state, described in the petition, and situate in the towns of Sterling, Canterbury, Scotland, Windham, and Franklin, alleged to belong to the said Spragues, or one of them, which land had been attached in the suit upon which said judgment was obtained; that in December, 1873, Zachariah Chaffee caused to be recorded in the land records of the towns of Windham, Sterling, and Scotland a trust deed dated November 1, 1873, by which deed said Amasa and William Sprague pretended to convey to said Chaffee all the lands described in said certificate of lien; that said deed is fraudulent and void as to the plaintiff for sundry alleged reasons, one being that at the time of its execution and delivery the grantors were hopelessly insolvent, and executed and delivered the deed without consideration, for the purpose of placing the property beyond the reach of their creditors, and to delay and hinder them in the collection of their claims. It is further alleged that said deed provided that, after the payment of certain extension notes, to be accepted by the Sprague creditors in discharge of their original claims, the residue of the

property should be returned to the grantors; that the plaintiff was not a party to the deed and never assented thereto; that on April 6, 1874, new assignments were made to said Chaffee by A. & W. Sprague, as a firm and individually, of said property covered by said certificate of lien, which assignments were also fraudulent and void as to the plaintiff, for divers alleged reasons, one of which was that the object of said assignments was to postpone and delay the creditors of the said Spragues. The petition further alleged that Amasa Sprague, William Sprague, and said Chaffee are in possession of said real estate, and prayed for a foreclosure of said judgment lien, for possession of said premises, that the trust deed and assignments be declared to be void and of no effect, that the title of Chaffee may be postponed to that of the plaintiff, and for damages.

The joinder of causes of action at law and in equity is permitted by the recent practice act of this state. The action was removed to this court, and the defendants demurred upon the ground that the complaint joins in one proceeding a cause of action at law for damages, and a cause of action in equity, and that said complaint contains distinct matters, in which the defendants are not both interested, viz.: the foreclosure of a judgment lien, and the setting aside a trust deed to Chaffee.

As to the first cause of demurrer, the plaintiff admits that, by the equity rules and practice of the United States courts, legal and equitable grounds of relief cannot be joined in a bill in equity, and moves for leave to amend by erasing the prayer for damages, which motion is granted without costs.

The second cause for demurrer presents the question which is in dispute.

Judge Story (Eq. Pl. § 271) defines multifariousness to be—

"The improperly joining in one bill distinct and independent matters, and thereby confounding them; as, for example, the uniting in one bill of several matters, perfectly distinct and unconnected, against one defendant; or the demand of several matters of a distinct and independent nature, against several defendants, in the same bill."

It is said by the defendants that in this bill there are two subjects which are distinct and independent: *First*, the foreclosure of a judgment lien upon the interest of the Spragues in the land; and, *second*, the setting aside of a prior deed to Chaffee. While this twofold prayer may come within the letter of the definition of multifariousness, I do not think that it comes within the evil which the rule was intended to prevent, viz.: the uniting in one suit questions which

it was impracticable to deal with at the same time by reason of their independent character, or which could not be so dealt with without burdening the parties with expense and inconvenience. In fact, because the circumstances of each case differ, there is no arbitrary and inflexible rule as to what constitutes fatal multifariousness, and courts of equity are wont to permit joinder of questions which are to a certain extent distinct, when it can be done without inconvenience. Story's Eq. Pl. § 539; *Gaines* v. *Chew*, 2 How. 619; *Hoggart* v. *Cutts*, 1 Craig. & Phill. 204.

"And in new cases it is to be presumed that the court will be governed by those analogies which seem best founded in general convenience, and will best promote the due administration of justice, without multiplying unnecessary litigation on one hand, or drawing suitors into needless and oppressive expenses on the other."

An examination of the allegations of this bill will, I think, satisfy the mind that the joinder of these two matters would prevent needless multiplicity of suits, and would not be inconvenient to any of the defendants.

In 1873 the Messrs. Sprague became insolvent, and executed a deed of trust of their lands in Connecticut to Mr. Chaffee, upon certain trusts. The plaintiff says that this deed and the subsequent assignments are fraudulent and void as to those creditors who did not assent to their provisions; that it, being a non-assenting creditor, attached these lands or a part of them, obtained judgment, and filed its certificate of lien. The object of the plaintiff is to perfect its title to the lands by a decree of foreclosure, and by a removal of a cloud upon the title which was created by a void deed of the judgment debtor. In some cases the cloud has been so placed, perhaps, by third persons, or has so arisen, as in *Banks* v. *Walker*, 2 Sand. Ch. 344, as to make the examination of both questions in one suit impracticable, or very inconvenient to the parties and to the court. In this case there is no difficulty in investigating the two questions at the same time. The cloud was placed by the Messrs. Sprague; both they and Chaffee have either a title or an interest in the lands, and both are in possession. All the defendants are desirous to defend the validity of the trust deed, and to protect the property from the attack of non-assenting creditors. It is a question in which they are all interested.

Again, the practical and substantial question in this case is in regard to the validity of the trust deeds. Apart from that question the foreclosure would be a mere formal proceeding. The bill for

foreclosure is a means by which the plaintiffs place themselves in proper position to attack the deed. It would be an unnecessary delay to compel the plaintiff to obtain a decree of foreclosure, and then to commence the suit which is to determine the only seriously-mooted question in the litigation. The law's necessary delay frequently causes inconvenience and injury to suitors. Courts should be careful not to create delay and multiply expenses by unnecessary technicalities.

If the questions are severed the severance will unnecessarily postpone the adjudication of the substantial and vital question in dispute, while the union of the questions will subject the defendants to no inconvenience and to no additional expense.

The second cause of demurrer is overruled.