## BRACKEN v. ROSENTHAL et al.

(Circuit Court, N. D. Illinois, E. D. January 31, 1907.)

### No. 28,168.

1. COPYRIGHT—INFRINGEMENT—PHOTOGRAPHS OF SCULPTURE.

A photograph of a copyrighted piece of sculpture is a "copy" thereof, within the meaning of Rev. St. § 4952 [U. S. Comp. St. 1901, p. 3406], and, if made without authority from the proprietor of the copyright, is an infringement thereof.

2. EQUITY—PLEADING—MULTIFARIOUSNESS.

The objection of multifariousness is one addressed to the discretion of the court, and is to be determined with reference to the peculiarities of each particular case, upon considerations of practical convenience to the court and the parties, and of the saving of time and expense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 340.]

3. SAME—COPYRIGHT—SUIT FOR INFRINGEMENT.

A bill for infringement of copyrights of different pieces of sculpture will not be held demurrable for multifariousness where the parties and the general method of alleged infringement are the same, and especially where it appears from the bill that all of the acts of infringement were committed pursuant to a common purpose by the defendants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 341, 344; vol. 38, Cent. Dig. Patents, § 518.]

In Equity. On demurrer to bill.

O'Shaughnessy & O'Shaughnessy, for complainant.

Charles J. O'Connor, for defendant.

KOHLSAAT, Circuit Judge. This cause comes before the court on demurrer to the amended bill to restrain infringement of four copyrights on certain pieces of statuary in bas-relief. The only questions raised on demurrer which the court deems necessary to consider are: (1) Whether a photograph or other picture of the statuary constitutes infringement thereof; and (2) whether a bill seeking to restrain infringement of four different copyrights, and also seeking to set aside a copyright of the defendants as having been obtained by fraud is multifarious. The first ground of demurrer is stated as follows:

"A piece of sculpture protected by copyright as a work of the fine art is not infringed by a photographic or printed design which is in no sense a bas-relief."

The authorities cited by defendant do not sustain this ground of demurrer. The case of Hanfstaengel v. Empire Palace, L. R. 1894, 2 Ch. 1, is an English case, arising under the English copyright act, the language of which differs from our copyright law. Moreover, this case might be considered an authority for complainant, for the court in that case declared an infringement to be "such reproductions as would compete in the markets with the original or with authorized copies of them." The other case cited by defendant was Champney v. Haag (C. C.) 121 Fed. 944. This was a suit brought for infringement of a copyright of a painting by certain illustrations. It appeared that the illustrations were copied from a copyrighted photograph of the painting, and the court holds that, inasmuch as no attack was made on the photographer's copy-

right, it must at least be considered prima facie valid, and that the evidence showed clearly that the illustrations alleged to be infringements of the painting, were copied from the photograph, and not from the painting.

Our statute (Revised Statutes U. S. § 4952 [U. S. Comp. St. 1901, p. 3406]), gives to the author, designer, or proprietor of any statue, statuary and of models or designs intended to be perfected as works of the fine arts, the sole liberty, among other things, of "copying" and vending the same. The word "copying" is defined in Murray's New English Dictionary as follows:

"To make a copy of [a picture or other work of art]; also to reproduce or represent [an object] in a picture or other work of art."

This definition is fully sustained by the authorities quoted by the author, so that it seems clear that the word "copy" may be used to designate a picture of a piece of statuary, without in any way straining the well-established use of the word. It was held in the case of Falk v. Howell (C. C.) 37 Fed. 202, that a copyrighted photograph was infringed by a reproduction of a material part of it in relief on leather to be used as chair backs. If this is good law it should work both ways, and it would follow that a copyrighted chair back in relief would be infringed by a photograph of the chair back, and if a chair back in relief is infringed by a photograph, there seems to be no reason for not holding that a relief tablet or figure in bas-relief, is infringed by a photograph or other picture.

To hold that a piece of statuary may be infringed by a picture of the statuary seems in every way in accord with the reason and spirit of the law; for it has been held that the copyright acts "secure to the author the original and natural rights, and it was said that the various provisions of the law in relation to copyrights should have a liberal construction, in order to give effect to what may be considered the inherent right of the author to his own work." 7 Am. & Eng. Ency. of Law, 552, citing Myers v. Callaghan (C. C.) 10 Biss. 139, 5 Fed. 726. The question is not whether the photograph contains artistic elements of its own but whether it also contains any of the artistic ideas and conceptions expressed in the statuary. It is clear that the infringer of a copyrighted book cannot escape liability by mixing original matter of his own with the matter pirated, and it should be equally clear that a photographer of a piece of copyrighted statuary cannot say that because his picture contains some of his own talent he is any the less an infringer of the ideas he has taken from the statuary.

The second ground of demurrer is that the bill is multifarious in that separate and distinct causes of action are set out therein. The objection of multifariousness is one that addresses itself to the discretion of the court, and no rule can be laid down to govern every case. Courts apply the rule to avoid needless expense, complexity of the issues, prolixity, delay, and annoyance, and where it is not apparent that any of these objects can be attained, the objection will not be sustained. This objection is not looked upon with favor by the courts (14 Am. & Eng. Ency. of Pl. & Pr. 214), and a suit "is not thrown out of court for this fault except in a clear case" (Oney v. Ferguson, 41 W. Va. 568, 23 S. E. 710).

And it has also been held that "a bill will not be dismissed for this defect unless the court is so embarrassed that it cannot administer the appropriate relief." Annin v. Annin, 24 N. J. Eq. 184. It was held in Stafford National Bank v. Sprague (C. C.) 8 Fed. 377, that a bill is not demurrable on the ground of multifariousness when the joinder therein of two distinct matters prevents a needless multiplicity of suits, and neither inconveniences the defendants nor causes them additional expense. In the case of Harper v. Holman (C. C.) 84 Fed. 222, it was held that:

"A bill seeking to restrain the publication of a book, as infringing in its title a trade-mark right, and in its text certain rights secured to them by four copyrights is not multifarious."

The language of the court, in Jaros Hygienic Underwear Company v. Fleece Hygienic Underwear Company (C. C.) 60 Fed. 622, is quoted approvingly by the court in that case (Harper v. Holman) that the question "is to be determined with reference to the peculiarities of each particular case, upon considerations which are practical rather than theoretical in their nature," and the language of Mr. Justice Miller, in United States v. American Bell Telephone Company, 128 U. S. 352, 9 Sup. Ct. 90, 32 L. Ed. 450, that "the principle of multifariousness is one very largely of convenience." It is not apparent in the case at bar what advantage can possibly accrue to either of the parties by requiring separate suits upon each of the copyrights. Theoretically each copyright is a separate and distinct matter, but the parties are the same, the general method of alleged infringement is the same, and in all probability the same witnesses will testify as to all the alleged acts of infringement. Moreover, from the allegations of the bill it appears that these parties are combining and confederating to injure the complainant in her right of property in the four pieces of statuary involved in this suit, and, if this is true, the acts of one may fairly be considered the acts of all. Expense, which seems to be one of the most important considerations in passing upon objections of this kind, will surely be less by one suit than by four suits.

The demurrer, therefore, is overruled.