M. J. GOLDEN & COMPANY, Inc., Plaintiff,

v.

PITTSBURGH BREWING CO., Inc., Defendant.

Civ. A. No. 12932.

United States District Court
W. D. Pennsylvania.

Jan. 31, 1956.

---

Norman Landy, Pittsburgh, Pa., for plaintiff.

J. N. Poffinberger, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case M. J. Golden & Company, Inc., a Pennsylvania corporation having its principal office in Pittsburgh, Pennsylvania, brought suit against the Pittsburgh Brewing Company, Inc., alleging an infringement by the defendant of its copyright.

It appeared that in 1948, the defendant desired to obtain point of sale material and entered into discussions with the plaintiff to supply same. Mr. Wilbur Sutherland, an agent of defendant, advised the plaintiff of the defendant's wishes and as a result the plaintiff through its employees did research work in order to develop a plaque which would reflect the dress and character of the period around the year, 1861. An employee of the plaintiff, Mr. Edmund Golden, did most of the actual sketching to conform to the desires of the defendant and, as a result, a three dimensional reproduction was made. Thereafter, a plaque containing two figures was copyrighted by the plaintiff. The relationship between plaintiff and defendant was that of purchaser and supplier.

It appears that in January, 1951, the defendant having used the two figure plaque copyrighted by the plaintiff desired to obtain a successor plaque in order to tie in with the advertising they were doing on radio and television, that is a Gay Nineties type quartet. As a result they wanted a revision of the former plaque so as to incorporate two more figures. The plaintiff made a four figured plaque which was very similar to the previous two figured plaque. This four figured plaque was also copyrighted by the plaintiff. Many of these plaster plaques were supplied by the plaintiff to the defendant for use in its advertising.

One of the copyrighted plaques was introduced into evidence as plaintiff's Exhibit D. The defendant admitted that it submitted one of these to Timely Products Company for the purpose of having them make a plaque similar to it for them. (Record page 68). This was sometime around September, 1953. This plaque bore notice of plaintiff's copyright. It appears that the defendant in September, 1953, requested Timely Products to make a plastic plaque. Between September, 1953, and December 9, 1953, Timely Products made a sketch of the Golden plaster plaque, plaintiff's Exhibit D, which defendant approved and which defendant ordered Timely Products to make. The plaintiff's Exhibit E is one of the Timely plaques. These plaques were not received by the defendant until May, 1954. However, there is no question that this plaque, Exhibit E, made by Timely Products at defendant's request is a copy of plaintiff's Exhibit D which plaintiff had copyrighted, nor is there any doubt that a sketch of plaintiff's Exhibit D was made at defendant's request between September and December, 1953. While the sketch was not introduced into evidence it is obvious that it was a copy of plaintiff's copyrighted plaque Exhibit D. The defendant did order 7500 pieces from Timely Products that were made in accordance with the sketch made by Timely and which sketch was undoubtedly a two dimensional copy of plaintiff's three dimensional plaque.

On January 15, 1954, the plaintiff sold the assets of its business, including its copyright, to one Herbert F. Farmer.

The copyright in question was sold to Farmer on this date. Thereafter, Farmer assigned the copyright to Ace Lamp & Novelty Company who subsequently assigned it to Pittsburgh Brewing Company, defendant herein.

The question as we see it is whether there was any infringement of plaintiff's copyright at the time it owned same. It appears that even though there has been a sale of the copyright this does not prevent the owner at the time of the alleged infringement from suing for previous damages it alleges to have sustained while it was the owner. Kriger v. MacFadden Publications, Inc., D.C. S.D.N.Y.1941, 43 F.Supp. 170. In order to sustain an action for infringement of a copyright, a substantial copy of the whole or a material part of copyrighted material must be reproduced. Mathews Conveyer Co. v. Palmer-Bee Co., 6 Cir., 1943, 135 F.2d 73. A copyright for an engraving can be infringed by reproducing a copy of it by photographic process. Rossiter v. Hall, 1866, Fed.Cas.No.12,-082. It also appears that if a photograph of a copyrighted piece of sculpture is made, same would be a copy of the copyrighted piece and if made without authority from the proprietor of the copyright it would be an infringement thereof. Bracken v. Rosenthal, C.C., 151 F. 136. It has been held that there can be an infringement by making a three dimensional doll of a two dimensional copyrighted cartoon. Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 2 Cir., 1934, 73 F.2d 276.

In this case the sketch made by Timely Products at the request of the defendant and from which the defendant ordered Timely to make a plastic plaque infringed the plaintiff's copyright. While the actual sketch was not introduced into evidence it was not disputed that it was made and that it was a copy of plaintiff's copyrighted plaque. This infringed the plaintiff's copyright.

In this case, there has been no showing of the actual damages suffered by plaintiff, and in such case the plaintiff then is entitled to be compensated under Title 17, § 101(b) of the United States Code, which section provides that the Court may allow such damages as shall appear to be just and in its discretion may allow amounts therein stated. Markham v. A. E. Borden Co., Inc., 1 Cir., 1953, 206 F.2d 199.

It appears to the Court that there should be awarded to the plaintiff statutory damages in the sum of $1000, and attorneys' fees in the sum of $300, plus costs of the action.

This opinion shall serve as the Court's findings of fact and conclusions of law.