### HARPER et al. v. HOLMAN et al.

(Circuit Court, E. D. Pennsylvania. October 25, 1897.)

EQUITY—PLEADING—BILL—MULTIFARIOUSNESS.

A bill which seeks to restrain the publication of a book, which, it is alleged, infringes in its title a trade-mark right of the complainants, and in its text certain rights secured to them by four copyrights, is not multifarious.

This was a bill in equity, which averred the following facts:

Upon returning from a voyage of discovery, known as the "Norwegian Polar Expedition," in 1896, Dr. Fridtjof Nansen prepared a book relating to his voyage, and illustrated the same with many photographs taken in the course of the expedition. This book was written in Norwegian, and was entitled "Farthest North, Being a Record of a Voyage of Exploration of the Ship Fram, 1893–1896, and of a Fifteen Months' Sleigh Journey by Dr. Nansen and Lieut. Johansen." Dr. Nansen sold and assigned this work, together with the illustrations, to Archibald Constable & Co., of London, by whom it was translated into English. Subsequently, the book thus translated was sold and assigned to Harper & Bros., the complainants, for publication in the United States, with the privilege of selling the same in Canada. The complainants accordingly published the book in two volumes, and obtained a copyright in and to the same. The bill averred that a large outlay had been made by them in illustrating and completing the work, and in advertising and bringing it before the attention of the public.

The bill averred that the defendants had produced a "counterfeit or sham book," dressed up so as to be readily substituted for the complainants' work, and so arranged that the original work was resembled by the defendants' book in many respects. It was alleged in the bill that some of the text and many of the illustrations contained in the complainants' work had been directly copied. It was further alleged that the defendants had named their book "The Fram Expedition—Nansen in the Frozen World," and that it contained, among the accounts and portraits relating to Arctic voyages of an earlier date than the expedition made by Nansen, some which were copies of and infringements upon four other publications, which were the property of and in the possession of the complainants. These four publications were as follows: (1) A book entitled "Arctic Experiences, Containing Captain George E. Tyson's Wonderful Drift on the Ice Floe," which book had been duly copyrighted by the complainants, it was alleged, in 1874, and published by them. (2) The book or periodical entitled "Harper's Weekly," dated January 7, 1882, No. 1,307. (3) No. 1,325 of the same periodical, dated March 13, 1882. (4) No. 1,796 of the same periodical, dated May 23, 1891.

The bill further alleges that the title of the complainants' work was a trade-mark, or in the nature of a trade-mark, which was infringed by the title of the defendants' book. And, finally, it was averred that the defendants, in canvassing and offering for sale their book in English and Norwegian, were representing it to be the "Nansen Book of the Fram Expedition," and were adopting divers other means to mislead the public into purchasing the defendants' work. The complainants prayed that their rights in the trade-mark and copyrights be established, and that the defendants be enjoined from selling their work under the title adopted by them, and be restrained from interfering with the plaintiffs' rights in the copyrights aforesaid. The bill further asked for an account.

George L. Rives, Josiah R. Sypher, and Augustus T. Gurlitz, for complainants.

H. T. Fenton, for respondents.

DALLAS, Circuit Judge. Sixteen causes of demurrer have been assigned to this bill of complaint; but, upon the argument, counsel, considerately assenting that it was unnecessary to burden the court

with all the questions thus raised, agreed that all but the first four assignments should be considered as withdrawn, upon the understanding that the complainants would have leave to move to amend as they might be advised, and that the defendants would be at liberty to renew any of their present objections to the bill, except those now passed upon, and such of them, if any, as should be met and cured by amendment. The four retained assignments are as follows:.

"(1) The bill is multifarious in charging infringement of five separate and distinct alleged copyrights, not connected with or related to each other in any manner. (2) The bill is multifarious in charging infringement of one or more copyrights, and joining therewith a charge of alleged infringement of trade-name or trade-mark, the latter appearing on the face of the bill to be wholly unrelated to at least four of the copyrights alleged to have been infringed. (3) The bill is multifarious in charging infringement, not only of one or more copyrights, and of a certain alleged trade-mark or trade-name, not having the most remote relation to four of said copyrights, but charging also, and founding a prayer for relief upon, alleged fraudulent or unfair competition in trade generally. (4) The bill is multifarious because the allegation that the five several and distinct and unrelated copyrighted books are capable of conjoint use, or ever have been so used, is obviously untrue on the face of the bill."

The multifariousness averred is claimed to arise, not from misjoinder of parties, but solely from the inclusion in one suit of several different and distinct grounds of complaint; and therefore the true question is, are there such diverse subjects embraced by this bill as cannot be conveniently considered together?

In Jaros Hygienic Underwear Co. v. Fleece Hygienic Underwear Co., 60 Fed. 622, this court said:

"Courts of equity are adverse to the multiplication of suits; and no definite rule, of general applicability, has been or can be laid down as a test of multifariousness. The question, in each instance where it is presented, is largely addressed to the regulated discretion of the judge, and is to be determined with reference to the peculiarities of the particular case, upon considerations which are practical rather than theoretical in their nature."

This view of the matter was again acted upon by this court, in the case of Union Switch & Signal Co. v. Philadelphia & R. R. Co., 69 Fed. 833; and it is now adhered to with confidence, because it seems not only to be in accordance with the decision of other courts of first instance, but also to be authoritatively imposed by a judgment of the supreme court of the United States.

In Bedsole v. Monroe, 40 N. C. 317, the supreme court of North Carolina, speaking of multifariousness, said:

"If the grounds of the bill be not entirely distinct and wholly unconnected, if they arise out of one and the same transaction or series of transactions, forming one course of dealing, and all tending to one end, if one connected story can be told of the whole, then the objection cannot apply."

In U. S. v. American Bell Tel. Co., 128 U. S. 352, 9 Sup. Ct. 90, Mr. Justice Miller, delivering the opinion of the supreme court of the United States, clearly indicated the consideration which is controlling upon the question, in this language: "The principle of multifariousness is one very largely of convenience;" and, referring to the circumstances of the case with which he was dealing, he added:

"There is no such diversity of the subject-matter embraced in the assault upon the two patents that they cannot be conveniently considered together; and although it may be possible that one patent may be sustained, and the other may not, yet it is competent for the court to make a decree in conformity with such finding. It seems to us in every way appropriate that the question of the validity of the two patents should be considered together."

With the adjudications to which I have referred, and the principle which they plainly enunciate, in mind, I have carefully examined the present bill, in connection with the printed books and papers, which, upon the argument, it was agreed should be taken to constitute a part of the bill itself. This examination has led me to the conclusion that there is no reason for supposing that the infringement charged of the several copyrights in question, as well as of the alleged trade-name or trade-mark, and, in short, every subject-matter proposed for investigation, may not conveniently, and most conveniently, be considered together; and, if each of the alleged infringements had been made the subject of a separate suit, it is, I think, very doubtful, at least, whether it would not have been the duty of the court to decline to entertain such separate suits, without requiring their consolidation. Case v. Redfield, 4 McLean, 529, Fed. Cas. No. 2,494.

I do not deem it necessary to decide the particular point presented by the fourth assignment. Whether or not the allegation in the bill that the copyrighted books are capable of conjoint use is "obviously untrue," or, if true, is of any materiality, are questions upon which my judgment is to no extent based. It rests upon the broader consideration which I have, I think, sufficiently adverted to. The demurrer is overruled, with leave to answer sec. reg.