DOYLE et al. v. PERFECT CIGAR-SHAPER CO.

(Circuit Court of Appeals, Third Circuit. November 26, 1900.)

No. 11.

PATENTS—INFRINGEMENT—CIGAR SHAPERS.

The Ogden patent, No. 530,749, for a cigar mold consisting of a body and a cap transversely joined, one part having a projecting flange, serving to guide the other part into place, and to retain the same by friction thereupon, *held* valid and infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Geo. C. Hazelton, Jr., and John Stokes Adams, for appellants.
C. N. Butler and F. P. Prichard, for appellee.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge.

DALLAS, Circuit Judge. Prior to the invention to which patent No. 530,749 relates, the devices which were generally used, when any mechanical means were employed, to shape cigars, were designed to be opened and closed longitudinally. This construction was objectionable because the joints between the two parts of the mold formed a rib or fin upon the opposite sides of the "binder." To overcome this objection the patentee provided that his mold should be joined transversely. Transverse joining, however, was not new, and this was expressly conceded in the specification, where it is said:

"I am aware that transversely divided cigar molds have before been proposed, and I therefore do not claim broadly a cigar mold composed of two tubular parts with transverse joint."

Neither, it may be added, was it new to effect a transverse attachment by means of a socket-like connection. Such a connection was shown, for instance, in the patent granted to Edward A. Metz on September 5, 1871. What Ogden did invent and claim, so far as concerns the present case, is a cigar shaper having not simply a socket joint, but one which was of peculiar and novel structure, in that it consists of "a projecting flange serving to guide the other part into place and to retain the same by friction thereupon." In our opinion, the patent was rightly issued for this specific construc-

tion, and the only question, therefore, is as to whether the appellants' mold includes any means for guiding its parts into place and retaining them by friction, which, upon a natural and reasonable understanding of that term, as it is used in the patent, should be regarded as a projecting flange. That the one part is inserted in the other, and is there retained by friction, is apparent; but it is insisted that a projecting flange is not present, and that the frictional adherence of the two parts is due to several slots which the appellants have made in the cap portion of their device, and which are not found in that of the appellees. We cannot sustain either branch of this contention. We think that the appellants' "flare," though different in form, is substantially identical with the flange of Ogden. It has not the abrupt shoulder of the latter, but the same increased circumference is produced at the large end of one part of the mold, and a slight interior ridge is formed where this increase in circumference begins, and by these means there is attained, in substantially the same way, the same object as is accomplished by the inner contour of the patented contrivance; and, though the added slots to which we have referred may possibly be of some advantage, it is quite plain that they are, at most, merely supplementary to, and not substitutes for, the retaining means provided by the patent in suit. The judgment is affirmed.