ALBRIGHT v. LANGFELD et al.

(Circuit Court, E. D. Pennsylvania. August 1, 1904.)

No. 7.

1. PATENTS—INVENTION—SIMPLE BUT USEFUL IMPROVEMENTS.

Where a patent has been granted to an inventor for an improvement on a familiar article of simple mechanism, and such improvement, although it afterwards seems simple and unimportant, overcomes difficulties and objections, however slight, that have been endured by the public for a long time, and that others have made numerous efforts to overcome, without complete success, while the patented article has gone into immediate use, the patent will, as a rule, be upheld by the courts as disclosing invention.

2. SAME—INFRINGEMENT—MODIFICATION IN FORM.

A patentee having described his invention and shown its principle, and claimed it in that form which perfectly embodies it, is, in contemplation of law, deemed to claim every form in which his invention may be copied, unless they are disclaimed.

**3. SAME—PRIOR USE—SUFFICIENCY OF EVIDENCE.**

Under the rule that the defense of prior use must be established beyond a reasonable doubt it will not be sustained when it rests upon the recollection of a single witness, especially when his knowledge depends in large part on information received from others who are not called.

**4. SAME—INFRINGEMENT—COIN PURSE.**

The Albright patent, No. 439,086, for a coin purse, held not anticipated, and to disclose invention; also infringed as to claims 1 and 6.

In Equity. Suit for infringement of letters patent No. 439,086, for a coin purse, granted to Chester E. Albright October 28, 1890. On final hearing.

Alexander & Magill, Andrew A. Leiser, and Walter F. Rogers. for complainant.

Ernest Howard Hunter, for respondents.

HOLLAND, District Judge. This suit is brought for an injunction and accounting for infringement by defendants of claims 1 and 6 of the patent No. 439,086, granted October 28, 1890, to complainant, for a coin purse. The bill further avers the complainant has invested large sums of money in the invention and business, and that a large number of purses were made according to the said invention and sold by complainant to the public at a great advantage. Defendants' answer denies that the purse they make and sell infringes the complainant's claims, and alleges the invalidity of the complainant's patent for want of invention in view of the prior state of the art. The patent covers a coin purse, in which there is a closed receptacle on one side, and an open receptacle or "till" on the opposite side, the two parts being each surrounded by a projecting stiff frame and connected by hinges. As set forth in the specifications, the inventor says:

"The object of my invention is to provide a convenient receptacle for specie, which may be both securely closed to prevent the escape of coin, and also readily opened to display the contents and make them easily accessible, so that any one piece of coin can be picked out from among the others with the greatest facility, and without handling any other than the piece wanted, as from off the bottom of a till."

The purse may be held in the hand, and the coin readily slipped from the closed receptacle to the open receptacle, and readily accessible without danger of the coin sliding off the purse. All prior coin purses not embodying the feature of the complainant's purse were objectionable for the reason that either the denomination of the coin could not be readily ascertained, because of the fact that it likely stood on its edge, and not easily accessible, or the denomination seen; or, if arranged as in the Rundlett patent, so that the coin could be slid out of the closed receptacle so as to readily reveal the denomination, there was danger of it sliding off from the purse and becoming lost. While the change made by the complainant is not very complicated, or apparently difficult, after it has been discovered, yet it overcame the objections and disadvantages experienced by all who use coin purses, and entered into extensive use; so that I am convinced, from an inspection

¶ 3. See Patents, vol. 38, Cent. Dig. §§ 78, 104.

of the various kinds of purses offered in evidence, that the complainant has made an improvement to which he is entitled to a patent. When the Patent Office has granted a patent to an inventor, the court should not be ready to adopt a narrow or astute construction fatal to the grant, and in cases where there is any doubt the test of practical success is always persuasive evidence of novelty, and has great weight in solving the question favorable to the invention. Keystone Mfg. Co. v. Adams, 151 U. S. 145, 14 Sup. Ct. 295, 38 L. Ed. 103. It is always possible, where an inventor has made an improvement upon the familiar article of simple mechanism, and the improvement only involves changes and additions, which afterwards seem simple and unimportant, to allege want of invention, or the result only that which the ordinary mechanic skilled in that particular art could have seen; yet where the difficulties and objections overcome by this improvement, however slight, have been endured by the public for a long time, and numerous efforts have been made to overcome them, without complete success, when a patent is granted for an improvement in that particular article which does overcome such former difficulties and objections, and it has immediately gone into use, the courts have, as a rule, found in favor of the inventor, and sustained the patent. Examples of patented inventions which have been upheld by the courts, although they differed very little in form, mechanism, or operation from other appliances, are numerous. Krementz v. S. Cottle Co., 148 U. S. 556, 13 Sup. Ct. 719, 37 L. Ed. 558; Loom v. Higgins, 105 U. S. 580, 26 L. Ed. 1177; Consolidated Safety Valve Co. v. Crosby Steam Gauge & Valve Co., 113 U. S. 157, 5 Sup. Ct. 513, 28 L. Ed. 939; Magowan v. Packing Co., 141 U. S. 332, 12 Sup. Ct. 71, 35 L. Ed. 781; The Barbed Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 36 L. Ed. 154; Gandy v. Belting Co., 143 U. S. 587, 594, 12 Sup. Ct. 598, 36 L. Ed. 272; Topliff v. Topliff, 145 U. S. 156, 163, 12 Sup. Ct. 825, 36 L. Ed. 658. An examination of the patents stated as anticipating the complainant's improvements does not show that any of them embody the idea contained in the Albright purse. The first, or Osborne purse, is neither furnished with a stiff frame nor provided with a till, as found in the purse in question. The Enger patent has no application whatever, so far as I can see. It is a purse hinged together, but has no till feature whatever, nor can the coins be arranged so as to easily ascertain their denomination. It has only one apartment similar to the ordinary deep, clasped, bag-like purse. The Scherer patent is for a portfolio for receiving and containing writing paper, envelopes, blotting paper, pencils, erasers, etc., and it is difficult to see, from an examination of this structure, how the idea of the Albright purse could have been suggested. The Rundlett patent has one feature of the Albright patent, to wit, that by very skillful and careful manipulation the coins can be slid from a closed receptacle into a small open space between that closed receptacle and another receptacle at the other end of the purse, by which the denominations can be recognized; but there is no till-shaped arrangement to retain the coin, and it is plain that a nervous person, or one with little skill in its manipulation, could not successfully handle this purse without the coins sliding off of the purse. It is the well-known purse made of flexible materials, and so arranged with

hinged covers, one of which has a deep pocket, which normally holds the coins, while the other has a shallow pocket into which the closed end of the coin-receiving pocket is tucked when the purse is closed up, this being feasible on account of the flexibility of the entire purse. True, it can be said the difference between this and the purse in suit is not very great, as viewed after the successful improvement has been made; but, simple as the change is, it marks the difference between a purse containing the serious objections and one which is recognized by the public as desirable, embodying such features as to make its use easy and convenient.

The purse made and sold by the defendants is an infringement upon the first and sixth claims as alleged. The fact that there are no metal hinges connected by pintles or pins in the defendants' purse does not distinguish it from that of complainant's. The defendants' purse has the exact features of the complainant's in that there is a flange surrounding the till portion of the purse hinged together to the closed receptacle by leather. In other words, instead of hinging the flange to the flange of the closed portion of the purse, they have omitted that, and simply depend upon the back of the purse for its connection, making a hinge of leather as effectually as the hinges mentioned in the complainant's purse. The familiar case of Winans v. Denmead, 15 How. 330, 14 L. Ed. 717, lays down the rule that:

"When a patentee described a machine, and then claims it as described, * * * he is understood to intend to claim, and does by law actually cover, not only the precise form he has described, but all other forms which embody his invention; it being a familiar rule that to copy the principle or mode of operation described is an infringement, although such copy should be totally unlike the original in form and proportion."

The cases to the effect that, the patentee having described his invention, and shown its principle, and claimed it in that form which perfectly embodies it, is in contemplation of law deemed to claim every form in which his invention may be copied, unless he manifests an intention to disclaim some of these forms, are numerous; and I shall simply state the following, which were decided in this district: Doyle et al. v. Perfect Cigar Shaper Co., 104 Fed. 997, 44 C. C. A. 301; National Folding Box & Paper Company v. Brown et al. (C. C.) 106 Fed. 189; Powell et al. v. Liecester Mills Co. et al., 108 Fed. 386, 47 C. C. A. 416; Daylight Prism Co. v. Marcus Prism Co. (C. C.) 110 Fed. 980; Lepper et al. v. Randall, 113 Fed. 627, 51 C. C. A. 337; Hutter v. Broome (C. C.) 114 Fed. 655; Smeeth v. Perkins & Co., Ltd., et al., 125 Fed. 285, 60 C. C. A. 199.

It is claimed, however, by the defendants, that the purse they make has been sold for a long time in foreign countries, and that it was imported and sold here prior to the time that the complainant received his patent. They call, however, only one witness to establish this fact, whose testimony does not convince me of the prior use as alleged. He gives the names of two firms, one in Philadelphia and the other in New York, who it is said imported defendants' style of purse; but they were not called as witnesses, nor does the witness say he saw them sold abroad. It is the rule that the defense of prior use must be proven beyond a reasonable doubt, and under this rule the courts have rejected

that defense when it rests upon the recollection of a single witness, especially when his knowledge must have depended upon information obtained from such importers, not called, as to the sale abroad and importation. Durfee v. Bawo et al. (C. C.) 118 Fed. 853; Brown v. Zaubitz (C. C.) 105 Fed. 242; Barbed Wire Patent, 143 U. S. 275, 12 Sup. Ct. 443, 36 L. Ed. 154; Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017.

Let a decree be drawn in favor of the complainant.