### GREENWALD BROS. v. ENOCHS et al.

(Circuit Court, E. D. Pennsylvania. June 6, 1910.)

### No. 209.

PATENTS (§ 328*)—NOVELTY—SKIRT.

The Feuchtwanger patent, No. 662,714, for a skirt consisting of three parts, the lower part being of nonelastic material, the hip portion of a material having some elasticity, and the waistband of still more elastic material is void for lack of patentable novelty.

In Equity. Suit by Greenwald Bros. against William S. Enochs and others. Decree for defendants.

Fraley & Paul, for complainant.
Stanley Folz and Horace Pettit, for defendants.

J. B. McPHERSON, District Judge. The patent in suit, No. 662,-714, is for an improvement in skirts. The specification describes the invention as follows:

"My invention relates to improvements in skirts; and the object of the same is to produce an underskirt which will fit neatly over the hips without wrinkling and be secured snugly about the waist. To accomplish this object, I construct my skirt of three parts, each of a different kind of material. The first part or lower skirt portion is of nonelastic material, the second or hip portion is of material with a medium modulus of elasticity, and the third portion or waistband is of material having a large modulus of elasticity.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

"The novel construction is fully described in this specification and claimed and illustrated in the accompanying drawings, forming a part thereof, in which

"Figure 1 is a side view of my skirt. Fig. 2 is a modified form of the same. Fig. 3 is a rear view of the preferred form of my skirt.

"Like numerals of reference designate like parts in the different views of the drawings.

"The numeral 1 designates the skirt portion of my garment, which is made of nonflexible material and uniformly tapered from the bottom up, as is usual. This skirt is secured to a hip portion 2, made of elastic material, such as jersey or other kind of goods of moderate elasticity. This portion is wider at the bottom than at the top and is designed to fit snugly and smoothly the hips. With this end in view the sides 3 may be slightly rounded; but in general the elasticity of the material is sufficient to insure a perfect fit. This hip portion is open down the back and provided with a row of fasteners or buttons, 4; but these may be dispensed with, as is done in the modified form shown in Fig. 2, and the portion 2 made continuous.

"The third portion of my skirt is the waistband 5, which is constructed of some material having a large modulus of elasticity, such as silk elastic ribbon. This band is cut to correspond with the opening in the hip member, 2, the ends being united by a clasp or fastener of any suitable kind; but it may be made integral, as in the modified form shown in Fig. 2. This band fits tightly the waist.

"I do not wish to be limited as to details of construction, as these may be changed in many particulars without departing from the spirit of my invention."

The drawings show a skirt in conformity with the specification, the "hip portion" being only a few inches in length and barely covering that part of the body. The two claims are practically identical and only the first need be considered.

"1. In a skirt, the combination, substantially as described, of a hip portion of elastic material, a skirt portion secured to the bottom edge of said hip portion, and a band of greater elasticity than said hip portion, said band being secured to said hip portion at a point near the upper edge thereof."

The complainant does not make the skirt shown in the drawings, but has elongated the "hip portion" until it reaches at least to the knee, and has shortened the "skirt portion" until it has become a mere flounce. The defendants' skirt is of a similar construction, and infringes unless the patent must be confined to the specific construction shown in the drawings, or is altogether invalid. The defendants take both positions, declaring that they do not use either the hip portion or the skirt portion as these elements are specifically described in the patent, and therefore that no infringement of that combination has been shown. There is force in this position, but I do not pass upon it, believing that the patent should be declared void for want of patentable novelty. To my mind this is so clear that it is not easy to give the reasons for it. I am well aware that patentable novelty is a subject upon which minds may readily differ, but it seems to me that a brief inspection must produce the conviction that the patentee displayed no more than the skill of the dressmaker's calling. In my opinion the so-called combination is a mere aggregation of old elements. If there is anything novel about the invention it consists in the "hip portion," but even that seems to be an obvious device. It can hardly be said to require invention to take advantage of the well-known fact that elastic material will cling closely to the lines of the figure.

A decree may be entered dismissing the bill, with costs.