GREENWALD BROS., Inc., v. ENOCHS et al.

(Circuit Court of Appeals, Third Circuit. November 28, 1910.)

No. 36.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SKIRT.

The Feuchtwanger patent, No. 662,714, for a skirt consisting of three parts, the lower part being of nonelastic material, the hip portion of a material having some elasticity, and the waist-band of still more elastic material, discloses patentable novelty and invention, and the garment is one of utility; also *held* infringed.

2. PATENTS (§ 42*)—INVENTION.

In a long-developed art, in which there is a meager sphere for invention, a marked improvement in product evidences corresponding originality in making such product.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 42.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by Greenwald Bros., Incorporated, against William S. Enochs and Lawrence W. Marks, trading as Paul, Enochs & Co. Decree (180 Fed. 478) for defendants, and complainant appeals. Reversed.

Fraley & Paul, for appellant.

Stanley Folz (Horace Pettit, of counsel), for appellees.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

BUFFINGTON, Circuit Judge. In the court below Greenwald Bros., Incorporated, owners by mesne assignments of patent No. 662,-714, granted November 27, 1900, to Henry J. Feuchtwanger, for a skirt, filed a bill against William S. Enochs and others, charging infringement thereof. After proof and hearing the court below, in an opinion reported at 180 Fed. 478, held the patent was invalid. From a decree dismissing the bill, the complainant appealed to this court.

In his specification the patentee says:

"My invention relates to improvement in skirts; and the object of the same is to produce an underskirt which will fit neatly over the hips without wrinkling and be secured snugly about the waist. To accomplish this object I con-

---

struct my skirt of three parts, each of a different kind of material. The first part or lower skirt portion is of nonelastic material, the second or hip portion is of material with a medium modulus of elasticity, and the third portion or waist-band is of material having a large modulus of elasticity. * * *

"The numeral 1 designates the skirt portion of my garment, which is made of nonflexible material and uniformly tapered from the bottom up, as is usual. This skirt is secured to a hip portion, 2, made of elastic material, such as jersey or other kind of goods of moderate elasticity. This portion is wider at the bottom than at the top, and is designed to fit smoothly and snugly the hips. With this end in view the sides, 3, may be slightly rounded; but in general the elasticity of the material is sufficient to insure a perfect fit. * * *

"The third portion of my skirt is the waist-band, 5, which is constructed of some material having a large modulus of elasticity, such as silk elastic ribbon. This band is cut to correspond with the opening in the hip member, 2, the ends being united by a clasp or fastener, 6, of any suitable kind; but it may be made integral, as in the modified form shown in Fig. 2. This band fits tightly the waist."

Upon it two claims were granted, the first of which alone is involved, viz.:

"In a skirt, the combination, substantially as described, of a hip portion of elastic material, a skirt portion secured to the bottom edge of said hip portion, and a band of greater elasticity than said hip portion, said band being secured to said hip portion at a point near the upper edge thereof."

Proof was taken by the complainant, but none by the respondents, although by their answer they had specified by name and place 60 prior uses of Feuchtwanger's device, and in addition cited 70 patents as anticipations. In the absence of proof on the respondents' part, the case is therefore before us as if on demurrer. It is not free from difficulty, but after full and careful consideration we have reached the conclusion the patent should be sustained and the respondents held to infringe.

In the first place, we have the prima facies of the patent, manufacture thereunder, and an absence of challenge of its validity for nine years after its issue. Secondly, the device, so far as we are shown, is novel, and in that regard the absence of testimony to substantiate any of the prior uses set up in the answer suggests that on closer investigation no pertinent prior use could be established or patent shown to anticipate. Thirdly, the device in its sphere is useful, and its commercial value is shown by its infringement and this suit.

This leaves its patentability to be considered. That question the court below disposed of as follows:

"The patent should be declared void for want of patentable novelty. To my mind this is so clear that it is not easy to give the reasons for it. I am well aware that patentable novelty is a subject upon which minds may readily differ, but it seems to me that a brief inspection must produce the conviction that the patentee displayed no more than the skill of the dressmaker's calling. In my opinion the so-called combination is a mere aggregation of old elements. If there is anything novel about the invention, it consists in the 'hip portion'; but even that seems to be an obvious device. It can hardly be said to require invention to take advantage of the well-known fact that elastic material will cling closely to the lines of the figure."

In this conclusion we cannot join. In the eyes of the patent law, the real device in this case is not the skill of the dressmaker in making

the skirt after she is once told how, but in the original thought that discovered and originated the device without being told. For, as was said of invention in Hobbs v. Beach, 180 U. S. 383, 21 Sup. Ct. 409, 45 L. Ed. 586, it consists "rather in the idea that such change could be made, than in the making of the necessary alterations."

Nor can we agree that Feuchtwanger's skirt was a mere aggregation. In the first place, the use of an elastic hip section in an under-skirt was new, and the union of the three elements—viz., the lower skirt of nonelastic material, which gave the skirt its distinctive character as a silk or other garment; the intermediate, moderately expansible portion, which, in the words of the specification, "will fit neatly over the hips without wrinkling"; and the third, in the waist-band of greater elasticity, whereby the intermediate section can "be secured snugly about the waist"—all unitedly combine and co-operate in producing, and in the after use of, the garment in question.

Moreover, it must not be overlooked that the improvement was made in a long-developed art, in which there was meager sphere for invention. Where a field is barren, a marked improvement in product evidences corresponding originality in making such improvement. While jersey had been used in jackets and sweaters, it did not occur to any one before Feuchtwanger to use it, or any expansible material, as a section of a skirt. And it is clear that such use makes the combination of value, for thereby a ready-made skirt may be manufactured in large quantities over a single·pattern, and yet their expansible capacity makes them not only in a manner self-fitting, but adapts each skirt to fit women of different waist and hip measure. This avoids the expense of special making of skirts for individual purchasers, reduces cost by making in quantities from a single pattern, and enables a merchant to supply different sized customers from a small stock.

Moreover, it must not be overlooked that the claim element of "a waist-band of greater elasticity than said hip portion" exerts a material function, in that its greater elasticity not only serves to keep the garment in place when worn, but when not worn its contraction draws to a nonstretched condition the intermediate portion which had been stretched in wearing. This prolongs the elasticity of the latter. On the whole, this device seems to us a distinct improvement in its sphere, and has provided for women serviceable, well-fitting, ready-made skirts.

That infringement is shown is clear. The respondents' skirt has all three elements of the claim; but it is contended it does not infringe, because the intermediate section of their skirt is longer than the patent drawings seem to show. But such difference is immaterial. No such limitation is carried into the claim.

In accordance with these views, the decree below is reversed, and the case remanded, with instructions to decree the patent valid and its first claim infringed.