### SAYRE et al. v. McGILL TICKET PUNCH CO.

(District Court, N. D. Illinois, E. D. October 3, 1912.)

#### No. 30,472.

1. PATENTS (§ 310*)—INFRINGEMENT—PLEADING—MULTIFARIOUSNESS.

Where the same acts constitute both infringement of a patent and unfair competition, causes of action for each may be joined in the same bill, and will not render it multifarious.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 92*)—SUIT FOR UNFAIR COMPETITION—SUFFICIENCY OF BILL.

Injunctive relief in a case of unfair competition by imitating a patented article should not be decreed for any acts which would not constitute unfair competition after the patent has expired, and where a suit for such unfair competition is joined with one for infringement, the bill must disclose a fraudulent appropriation of those insignia or arbitrary features of the device, which do not enter into the question of infringement.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 102, 103; Dec. Dig. § 92.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

3. TRADE-MARKS AND TRADE-NAMES (§ 68*)—"UNFAIR COMPETITION."

"Unfair competition" is the passing off, or attempting to pass off, upon the public the goods and business of one as being the goods and business of another.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 79; Dec. Dig. § 68.*

For other definitions, see Words and Phrases, vol. 8, p. 7174.]

4. WORDS AND PHRASES—"PALM OFF."

To "palm off" means to impose by fraud; to put off by unfair means (citing 6 Words and Phrases, p. 5159).

---

In Equity. Suit by Louis A. Sayre and Howard A. Sayre, individually and as partners under the firm name of L. A. Sayre & Son, against the McGill Ticket Punch Company. On demurrer to bill. Sustained in part.

Minturn & Woerner, of Indianapolis, Ind., for complainants.
Brown & Hopkins, of Chicago, Ill., for defendant.

KOHLSAAT, Circuit Judge. Demurrer to amended bill. The bill, as amended, charges infringement of certain letters patent for ticket punch, also that defendant—

"is guilty of unfair competition in trade, in that it has not only copied the element (elements) of the patented device, but the very form of it, taking advantage of the trade which has been worked up by the complainants for it, and palming off its own product upon the public as that of your orators, and is continuing and threatens to continue said unlawful acts, * * * has copied and is now copying, and threatens to continue to copy, the cuts and illustrations and printed matter of complainant, * * * and has placed no distinguishing mark, name, or address on its said ticket punches to indicate that they were made by the defendant, and because of each and all of the matters above complained of the trade and customers of complainant have been and will be led to believe that the ticket punches sold by defendant * * * are made under said patent No. 698,820, and are of the same quality as the ticket punches made and sold by complainants. * * *"

Two grounds of demurrer are urged: (1) That the bill is multifarious, in that it joins a charge of patent infringement with one of unfair competition; and (2) that the allegations of the bill are not sufficient to sustain a charge of unfair competition.

[1] The objection of multifariousness has not been seriously pressed; defendant granting its reply brief "that, where both matters arise out of the same acts and transactions," the objection does not lie, citing Havens v. Burns (C. C.) 188 Fed. 441, and not attempting to deny that both matters do arise out of the same transactions. There seems to be no good reason why both charges cannot be conveniently passed upon in a single suit at less expense and annoyance to both parties than if divided. Harper v. Holman (C. C.) 84 Fed. 222.

[2] The greater part of the argument has been directed to the alleged insufficiency of the allegations of unfair competition; defendant contending that:

"Likeness in mechanical elements, or even in the form of an article, does not suffice to predicate a charge of unfair competition in trade."

The rule contended for cannot be admitted without qualification: If a complainant should allege that it manufactured a patented device in a peculiar, arbitrary, or fanciful form (not necessarily such as might be protected by a design patent), and that such form had become known to the purchasing public as indicating the origin or source of manufacture, it can hardly be doubted that the allegation would be sufficient to sustain a charge of unfair competition against one who copied such peculiar and distinctive form.

But complainants have not alleged that the distinctive form in which their patented device is said to have been manufactured had become generally known to the trade as indicating goods of complainants, nor have they distinctly alleged that the copying by defendant of the

form of their device results in confusion in the public mind as to the identity of the source of manufacture of the goods.

[3, 4] It would seem that the allegation that defendant is "palming off its own product upon the public as that of your orators" might be a sufficient charge of unfair competition, for unfair competition is defined as:

"Passing off, or attempting to pass off, upon the public the goods or business of one man as being the goods or business of another" (28 Am. & Eng. Ency. of L. [2d Ed.] 409, citing C. F. Simmons Medicine Co. v. Mansfield Drug Co., 93 Tenn. 84, 23 S. W. 165), and "'to palm off' means to impose by fraud: to put off by unfair means * * *" (Words and Phrases Judicially Defined, vol. 6, page 5159, citing Hobart v. Young, 63 Vt. 363, 21 Atl. 612, 12 L. R. A. 693).

But complainant, summarizing the effect of the alleged wrongful acts, says:

"Because of each and all of the matters above complained of [i. e., copying the form of the device, palming off, etc., copying cuts, illustrations, and printed matter, failing to place on its goods any distinguishing mark] the trade and customers of complainant have been and will be led to believe that the ticket punches sold by defendant are [not of complainant's manufacture, but] *made under said patent * * * and are of the same quality* as the ticket punches made and sold by complainants. * * *"

If the only effect of the acts complained of is that the public is led to believe that defendant's punches are made in accordance with complainants' patent, and are as good as those manufactured by complainants, it is clear that there is no confusion in the public mind as to the source of manufacture of defendant's goods, and consequently there is no unfair competition.

The allegations of the bill as to unfair competition call for no redress other than that which would be granted in a determination of the question of infringement. Injunctive relief in a case of unfair competition is not a cumulative remedy with infringement. It should not be decreed for any acts which would not constitute unfair competition after the patent had expired. When combined with a suit for infringement, as here, it must disclose a fraudulent appropriation of those insignia or arbitrary features of the device of the patent which do not enter into the question of infringement, but which are used to gain for the manufacturer and seller a reputation and good will, aside from the patent monopoly. It would reach advertising matter calculated to deceive in that respect. Therefore, while it is conceivable that the two causes of action may be joined, practically there would seem to be little need of resorting to such practice.

In the present case, as stated, were the injunction granted, it would, theoretically, at least, have the effect of prolonging the monopoly of the patent, whether sustained or not, for an unlimited period. As was said by the court in Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118:

"It follows as a matter of course that on the termination of the patent there passes to the public the right to make the machine in the form in which it was constructed during the patent."

That "form," it seems reasonable to conclude, would cover the essential, but not the arbitrary, characteristics (as ornamentation, etc.)

of the device, the appropriation of which would indicate an intention to convey the impression that the new article was the actual product of the patentee—that its workmanship was the result of his skill and carefulness.

It is thus evident that the demurrer to so much of the bill as seeks to restrain unfair competition is well taken.

The demurrer is sustained.