GREENWALD BROS., Inc., v. COHN.

(District Court, E. D. Pennsylvania. July 30, 1914.)

No. 1269.

PATENTS (§ 328*)—INFRINGEMENT—IMPROVEMENT IN SKIRTS.

A preliminary injunction granted against infringement of the Feuchtwanger patent, No. 662,714, for an improvement in skirts, on a prior decision of the Circuit Court of Appeals adjudging the patent valid.

In Equity. Suit by Greenwald Bros., Incorporated, against Max Cohn, trading as the Nufit Petticoat Company. On motion for preliminary injunction. Motion granted.

Fraley & Paul, of Philadelphia, Pa., for plaintiff.

Bernard Harris and Hector T. Fenton, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. A statement of all the facts necessary to an understanding of the points involved in this case appears in the report hereinafter referred to of what is in substance the same case.

The plaintiff in this case, in addition to having established the necessary jurisdictional facts, has shown itself to be the owner by mesne assignments of patent No. 662,714, granted November 27, 1900, to Henry J. Feuchtwanger, for certain new and useful improvements in skirts. In its bill it charges the defendant with an infringement of this patent. The plaintiff stands upon the ground of the issuance of the patent, manufacture thereunder, and the absence of any challenge of the validity of the patent for a number of years after its issue. The plaintiff further maintains that the improvement in skirts for which the patent issued is novel and useful, and that there had been no prior use or patent which anticipated the invention of the patentee, and that the commercial value of the improvement sufficiently appears. In addition to this basis for the assertion of a proprietary right, the plaintiff has shown that this right has been confirmed by an adjudication in his favor in the case of this very plaintiff against Enochs and others, by the Circuit Court of Appeals in this Circuit, reported in 183

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Fed. 583, 106 C. C. A. 351, on an appeal from the decree of this court in the same case, reported in 180 Fed. 478.

Prima facie, therefore, the plaintiff is entitled to the injunction prayed for. This is conceded by the defendant. He does not contest the validity of the patent on the present application, but contends that the scope of the claim or claims in suit should be limited and restricted in accordance with the facts now submitted by him, which were not presented in the case in which the proprietary right of the plaintiff·was adjudicated and upheld, which facts, he contends, if presented in that case, would have induced a different ruling.

Strength is given to this position of the defendant by what is disclosed from an examination of the record in the case referred to, in that while the answer filed in that case sets up a state of facts bearing upon the patentability of the improvement claimed by the plaintiff, no evidence was offered in support of the answer in this respect, and the case was therefore heard and ruled as if upon a demurrer to the bill, and in this respect there has been no adjudication upon the facts bearing upon the proprietary right as claimed by the plaintiff.

A closer examination of the record of the case referred to, however, shows the strength of this position of the defendant to be undermined by the fact that the case was ruled in the court below against the plaintiff on the point of a lack of novelty in the invention, as claimed by the patentee, based upon the finding of the trial judge that all the elements in the claimed invention were old, and that the invention claimed consisted merely of an aggregation of devices in prior use, and a denial of the existence of any combination in the use of these known devices which would make the aggregation patentable as a combination.

This, in substance and effect, is precisely the finding which we are now asked to make upon the evidence presented in defendant's counter affidavits. As, however, the Circuit Court of Appeals disapproved of any such conclusion as to the merits of this device, and specifically found merit in the device as a combination, and as therefore patentable, we do not deem ourselves at liberty to disregard this expression of opinion on the part of the appellate court, even if it be true that the case, strictly regarded, was decided without evidence bearing upon the prior state of the art.

We feel constrained to give effect to the opinion thus expressed, and therefore award a preliminary injunction, and a decree to this effect may be prepared by counsel and submitted to the court, with a bond in the sum of $5,000 for approval.