### TWEEDIE v. ROYAL CO.

(District Court, E. D. Missouri, E. D. September 21, 1920.)

No. 5084.

1. **Patents ☞328—1,153,977, for boot top, held valid and infringed.**
    The Tweedie patent, No. 1,153,977, for a boot top or spat, cut so as to produce a spring in the front and heel portion, so as to cling close to the shoe, *held*, in view of its commercial success, valid, and also infringed.

2. **Patents ☞36—Commercial success may be considered in determining validity.**
    In determining the validity of a patent in an old and crowded art, the commercial success of the patented article may be considered.

3. **Trade-marks and trade-names ☞68—"Unfair competition" defined.**
    "Unfair competition" consists in the passing or attempting to pass off upon the public the goods and business of one as being the goods and business of another.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unfair Competition.]

4. **Patents ☞316—Question of unfair competition held not necessary to decision.**
    In an action by patentee to restrain infringement of plaintiff's patent, and also to restrain defendant from using plaintiff's name in and about the sale of articles infringing plaintiff's patent—that is, for unfair competition—the question whether, since the article patented by plaintiff was made

and marketed by a corporation under an exclusive license, the plaintiff had sufficient interest left therein to sue to restrain unfair competition, would not be considered on proof of but one sale by defendant of an article not bearing plaintiff's name, although the sale was made in response to a call for plaintiff's article, where such sale was made for the sole purpose of making the case upon such question, especially since a decree on the issue of infringement found in plaintiff's favor would afford him ample relief.

In Equity. Suit by Charles Tweedie against the Royal Company. Decree for plaintiff.

Carr & Carr, of St. Louis, Mo., for plaintiff.

Fritz von Briesen, of New York City, and Albert E. Hausman and Delos G. Haynes, both of St. Louis, Mo., for defendant.

FARIS, District Judge. This is an action by plaintiff, Tweedie, against defendant, for an injunction to restrain infringement of plaintiff's patent for a boot top, numbered 1,153,977, and dated September 21, 1915, and also to restrain defendant from using plaintiff's name in and about the sale of boot tops which infringe plaintiff's patent; that is to say, for unfair competition.

The art is old. Boot tops of the sort called over gaiters, or "spats," in the trade, are old. But plaintiff contends that in the boot tops made under his patent he has by an improvement brought about an entirely new result; that is, that he has produced an article not known to the trade before his invention. This result he has brought about by such construction of his improved and patented boot top as to cause the lower portion of the front and the heel thereof to hug tightly the shoe and foot on which it is worn. This mechanical result is produced by so cutting the boot top as to produce a "spring" in the front and heel portions thereof. This spring he produces by cutting gores in the two component parts which respectively go to make the heel and toe of his boot top, and which fit over the heel and front of the shoe on which the boot top is worn. The new article so produced by this improved method of cutting is, it is urged by plaintiff, not only a "spat" or over gaiter, but in addition is a novel device, by which a low shoe may, by wearing over same of a Tweedie boot top, be converted, as to every appearance, and for all practical purposes, into a high shoe.

I need not go into the question of infringement. The proof shows conclusively that the article made and vended by defendant is in every respect and appearance a precise replica of the plaintiff's product, made under a patent issued to him on the 21st day of September, 1915, and numbered 1,153,977. Indeed, no very strenuous contention to the contrary seems to be made. The defense largely is that the patent of plaintiff contains nothing new, when regarded in the light of the prior art, and is therefore void for lack of invention.

In an effort to prove this defense, divers patents, articles, pictures, and drawings were offered by defendant. Some of these were of over gaiters, worn by soldiers as early as the time of Frederick the Great; others hark back to the winter days at Valley Forge. Touching all these it may be said, in passing, that the object and use of them were

seemingly more for protection than for artistic effect. None of them possessed the feature and result claimed for the articles made under the Tweedie patent; that is, the production of a new article by the device of producing a spring on the heel and toe, or front, which, when worn, closely simulated a top shoe or boot, and which, when worn on a low shoe, had the effect, both as to comfort and appearance, of converting a low shoe into a high shoe. No over gaiter or "spat," made under any prior patent shown, nor any such over gaiter or "spat" belonging to the prior art, in my opinion produces this result. It is only in the Tweedie boot top, and in that made by the defendant's infringing article, that this new result is shown.

[1, 2] Concededly the art is an old and crowded one. The opportunity, therefore, for muddying the waters by a reference to the multitude of articles made and for decades used therein is ample and to an extent confusing. In such a case it is permitted to take the opinion of the purchasing public, as deduced from the manner in which the article made under the Tweedie patent was received by dealers and consumers. The evidence shows that in a comparatively short space of time the Tweedie boot top practically displaced all over gaiters and "spats" made pursuant to the teachings of the prior art. Expanded Metal Co. v. Bradford, 214 U. S. 366, 29 Sup. Ct. 652, 53 L. Ed. 1034; Albright v. Langfeld (C. C.) 131 Fed. 473. I conclude there is scant doubt of the patentability of the boot top made under the Tweedie patent. Cases of apposite similarity are Greenwald Bros. v. La Vogue Petticoat Co., 226 Fed. 448, 141 C. C. A. 278; Greenwald Bros. v. Enochs, 183 Fed. 583, 106 C. C. A. 351. It follows that the Tweedie patent is valid, and the defendant has clearly infringed it.

[3] The other phase of the case presents more difficulty. The evidence shows that the defendant in one instance at least, has been selling its products as bona fide Tweedie boot tops; but it is contended by defendant that, since the Tweedie boot top is made and put upon the market by the Tweedie Foot-Wear Corporation under an exclusive license, the plaintiff herein has no interest left therein which he is entitled to protect by a suit in his own proper person as patentee. Unfair competition consists in the passing or attempting to pass off upon the public the goods and business of one as being the goods and business of another. Sayre v. McGill Ticket Punch Co. (D. C.) 200 Fed. 771.

[4] Upon the proof adduced I need not consider this phase of the case. The boot top sold in the single instance presented by the evidence did not bear the word "Tweedie." The case made simply was that a retail purchaser, who asked for Tweedie boot tops was given in lieu thereof boot tops made by defendant, and not by the Tweedie Boot Top Corporation, under Tweedie's license as patentee. The tops in question did not bear any evidence that they were bona fide Tweedie boot tops, other than that they were made in the physical similitude of the boot tops manufactured by Tweedie's licensee under the Tweedie patent. In other words, the fraud was a mere verbal one, consisting in the single instance set forth, perpetrated by a salesman of defendant. The receipt for the purchase price of the boot tops sold as Tweedie's did not recite that they were Tweedie boot tops. There was no sign or

legend, upon the boot tops sold, indicating that they were made by the Tweedie Boot Top Corporation, or that they were made under the Tweedie patent. Such indicia as were shown by the boot tops themselves, absent the false verbal statement of the salesman and the fact of their similarity of manufacture, in fact showed to any purchaser who might look that they were not Tweedie boot tops. Moreover, the sale in question—and it was the only overt act shown—was made for the sole purpose of making the case upon this point which is now before me.

I think, upon the facts, I need not, therefore, go into the somewhat vexing question whether Tweedie as patentee is entitled to enjoin the alleged unfair competition in a suit brought in his own name. A fortiori, since a decree upon the other phase found in his favor will in my view afford him ample relief, the decree upon the phase of unfair competition will be denied upon the facts.

Let a decree, finding the Tweedie patent valid, and finding an infringement thereof, be drawn and submitted, and jurisdiction retained for such other and further orders as may be necessary to an accounting.